O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSE HERNANDEZ,

               Plaintiff,

       v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

            Respondent.

Case No. SACV 15-00475-KES

MEMORANDUM OPINION
AND ORDER

Plaintiff Jose Hernandez appeals the final decision of the Administrative Law Judge ("ALJ") denying his application for Disability Insurance Benefits ("DIB"). For the reasons discussed below, the Court concludes that the ALJ erred in relying on incomplete testimony by the vocational expert ("VE") at step five. The ALJ's decision is therefore REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

## I.

## BACKGROUND

On July 22, 2011, Plaintiff filed an application for DIB, alleging disability beginning on July 7, 2010. Administrative Record ("AR") 194-95.

Plaintiff alleges that he is unable to work due to left and right knee surgery, left knee injury, right knee injury, back pain, neck pain, left elbow pain, right elbow pain, right shoulder pain, and shoulder blades pain.  AR 225.

On June 12, 2013, an ALJ conducted a hearing, at which Plaintiff, who was represented by counsel, appeared and testified using a Spanish-language interpreter.  AR 45-52.  A medical expert and a VE also testified.  AR 41-45, 52-58, 60.

On June 25, 2013, the ALJ issued a written decision denying Plaintiff's request for benefits.  AR 23-33.  The ALJ found that Plaintiff has the severe impairments of mild degenerative disc changes of the cervical and lumbar spines; and bilateral knee injury, status post surgeries.  AR 25. Notwithstanding his impairments, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work, with the following exceptions:

> [Plaintiff] can lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk 2 hours in an 8 hour day; sit 6 hours in an 8 hour day; change positions every hour; precluded form [sic] walking on uneven surfaces; might need a cane outside the work place; ***occasional over-head reaching with both upper extremities***; occasional foot control with both lower extremities; occasionally climb stairs and ramps, bend, balance, and stoop; no climbing ladders, ropes, or scaffolds, kneeling, crouching, or crawling; frequent balance; precluded from unprotected heights and dangerous fast moving machinery; occasionally drive motorized equipment on the job; and no concentrated exposure to motorized equipment or vibrating tools.

AR 27, emphasis added.  The ALJ determined that Plaintiff could not perform any past relevant work, but there were jobs that existed in significant numbers

2

in the national economy that he could perform.  AR 31.  The ALJ thus found that Plaintiff was not disabled.  Id.

## II.

## ISSUES PRESENTED

The parties dispute whether:

(1) the ALJ erred in relying on the VE's testimony; and

(2) the RFC limits Plaintiff to performing sedentary work.

## III.

## DISCUSSION

**A.**   **Remand Is Warranted Because The ALJ Erred In Relying On The VE's Testimony At Step Five.**

Plaintiff contends that the ALJ erred in determining he could perform the jobs of assembler, plastic hospital parts; storage facility clerk; and cashier II.  Dkt. 25 at 5-13.  Specifically, he contends that the requirements of those jobs as set forth in the Dictionary of Occupational Titles ("DOT") include frequent reaching and, therefore, they are inconsistent with his RFC, which limited him to only occasional overhead reaching bilaterally.  Id.

At step five, the Commissioner has the burden to demonstrate that the claimant can perform some work that exists in significant numbers in the national or regional economy, taking into account the claimant's RFC, age, education, and work experience.  Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999); 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1560(c).  An ALJ may satisfy that burden by asking a VE a hypothetical question reflecting all the claimant's limitations that are supported by the record.  Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); see Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002).  In order to rely on a VE's testimony regarding the requirements of a particular job, an ALJ must inquire whether his testimony conflicts with the DOT.  Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir.

3

2007) (citing SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000)[1]).  When such a conflict exists, the ALJ may accept VE testimony that contradicts the DOT only if the record contains "persuasive evidence to support the deviation." Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (internal quotation marks omitted); see also Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008).

Here, the ALJ asked the VE a hypothetical question incorporating all of the limitations found in the RFC, including the overhead reaching limitation, and the VE testified that an individual with Plaintiff's age, education, work experience and RFC could perform such representative occupations as assembler, plastic hospital parts; storage facility clerk; and cashier II.  AR 54-56.  The VE, however, eroded the number of each such jobs available to Plaintiff to account for his limitation of only spending two hours each work day standing or walking.  AR 57.  The VE did not provide any testimony addressing whether her opinions were consistent with the DOT.

In her written decision, the ALJ reported that she had determined pursuant to SSR 00-4p that the VE's testimony was consistent with the DOT, and she adopted the VE's findings.  AR 32.

---

[1] SSR 00-4p provides in relevant part, "Occupational evidence provided by a VE … generally should be consistent with the occupational information supplied by the DOT.  When there is an apparent unresolved conflict between VE … evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE … evidence to support a determination or decision about whether the claimant is disabled.  At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.  Neither the DOT nor the VE … evidence automatically 'trumps' when there is a conflict.  The adjudicator must resolve the conflict by determining if the explanation given by the VE … is reasonable and provides a basis for relying on the VE … testimony rather than on the DOT information."

4

According to the DOT, all three jobs require "frequent" reaching, which means that reaching is required "from 1/3 to 2/3 of the time" on the job.  See DOT 712.687-010 (assembler, plastic hospital parts), DOT 295.367-026 (storage facility clerk), and DOT 211.462-010 (cashier II).

Both parties agree that in the Social Security context, "reaching" is defined as "extending the hands and arms in any direction."  Dkt. 25 at 7, 15 (citing SSR 85-15).  Plaintiff argues that his limitation to "occasional" overhead reaching conflicts with the DOT requirement of "frequent" reaching for the three jobs identified by the VE.  Dkt. 25 at 7-8.  The Commissioner argues that there is no conflict with the DOT, because work involving frequent reaching "could reasonably require less than frequent *overhead* reaching."  Dkt. 25 at 15 (citing Frias v. Colvin, 2015 WL 8492453, at *7 (C.D. Cal. Dec. 10, 2015); Philpott v. Colvin, 2015 WL 4077307, at *7 (C.D. Cal. July 6, 2015); Cortez v. Colvin, 2014 WL 1725796, at *11 (C.D. Cal. Apr. 30, 2014)).

The cases cited by the Commissioner are distinguishable.  In Frias, where the ALJ found that the claimant was able to perform her past relevant work, the claimant testified that her past relevant work, which the DOT described as including frequent reaching, did not require frequent overhead reaching.  2015 WL 8492453, at *7.  Here, however, there was no testimony indicating that the assembler, plastic hospital parts; storage facility clerk; and cashier II jobs did not require frequent overhead reaching.  Similarly, in Philpott, where the ALJ found that the claimant was able to perform her past relevant work, the claimant testified that her past relevant work, which the DOT described as including frequent reaching, required only occasional overhead reaching.  2015 WL 4077307, at *7.  Here, however, there was no testimony indicating that the identified jobs required only occasional overhead reaching.  Finally, in Cortez, where the ALJ found that the claimant was able to perform her past relevant work, the court found no conflict between the

5

DOT's constant or frequent overhead reaching requirements in the claimant's past relevant work and the RFC for occasional overhead reaching because the claimant did not satisfy her burden at step four.  2015 WL 1725796, at *8-11. In contrast, here, the ALJ found that Plaintiff was unable to perform any past relevant work at step four and determined at step five that Plaintiff could perform the assembler, plastic hospital parts; storage facility clerk; and cashier II jobs.  AR 31.  As the <u>Cortez</u> court recognized, a conflict may exist at step five when it would not exist at step four because at step five, "the burden is the Commissioner's."  2015 WL 1725796, at *8.

The Court finds that here, there is a potential conflict between the DOT's requirement of frequent reaching above shoulder level in the identified jobs at step five and Plaintiff's RFC, which limits him to occasional overhead reaching bilaterally.  See <u>Bochat v. Colvin</u>, 2016 WL 1125549, at *2-3 (C.D. Cal. Mar. 22, 2016) (finding a "potential conflict between the requirement of frequent or constant reaching and [claimant's] RFC, which limits him to occasional overhead reaching bilaterally") (citing <u>Carpenter v. Colvin</u>, 2014 WL 4795037, at *8 (E.D. Cal. Sept. 25, 2014) ("testimony that a claimant who is limited to occasional overhead reaching can nonetheless perform frequent reaching is the type of deviation that requires explanation and testimony from an expert"); <u>Giles v. Colvin</u>, 2013 WL 4832723, at *4 & n. 4 (C.D. Cal. Sep. 10, 2013) (limitation to "occasional overhead reaching" bilaterally conflicted with VE's testimony that plaintiff could perform representative jobs which required "frequent or constant" reaching) (additional citations omitted); <u>Padilla v. Astrue</u>, 2012 U.S. Dist. LEXIS 135624, at *12-13 (C.D. Cal. Sept. 21, 2012) (ALJ erred at step five where claimant "could occasionally reach overhead," VE testified that claimant could work as a "cashier II" or "assembler of plastic hospital parts" which require "frequent reaching" per the DOT, and ALJ did not elicit testimony explaining the potential conflict).

Indeed, "the ALJ is required to gather the necessary evidence from [the] VE and explain how the inconsistency is resolved." Marquez v. Astrue, 2012 WL 3011778, at *3 (D. Ariz. May 2, 2012); see also Garcia II v. Colvin, 2013 WL 4605488, at *2 (C.D. Cal. Aug. 28, 2013) (finding a "potential conflict" where the DOT required frequent reaching and the RFC precluded reaching overhead, and the VE "never weighed in on the issue").

*Neither the ALJ nor the VE addressed the effect of Plaintiff's overhead reaching limitation on his ability to perform the jobs or assembler, plastic hospital parts, storage facility clerk, or cashier II, as was required.* See Pinto, 249 F.3d at 847 ("[I]n order for an ALJ to rely on a job description in the [DOT] that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation.") (citation omitted). It was the Commissioner's burden to show that Plaintiff could perform jobs available in significant numbers in the economy. Tackett, 180 F.3d at 1100. Because the ALJ failed to secure persuasive evidence to support the deviation from the DOT, her step-five finding was not supported by substantial evidence. See Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) ("[A]n ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation."); see also Pinto, 249 F.3d at 847 (noting that ALJ's failure to elicit adequate explanation from VE left court with "nothing to review") (citation and internal quotation marks omitted). Remand is therefore warranted.[2]

---

[2] The Commissioner's argument that Plaintiff waived his contention on appeal that the VE's testimony was inconsistent with the DOT because he did not raise it at the hearing lacks merit. Claimants generally "need not preserve issues in proceedings before the Commissioner." Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005); see also Hernandez v. Colvin, 2016 WL 1071565, at *5 (C.D. Cal. Mar. 14, 2016) (finding no waiver of argument that

7

Because the Court concludes that the ALJ erred in relying on the VE's testimony, the Court does not decide whether the remaining issue raised in the Joint Stipulation would independently warrant relief.  Upon remand, the ALJ may wish to consider Plaintiff's other claim of error.

**B.    Remand For Further Proceedings Is Appropriate.**

When an ALJ errs in denying benefits, the Court generally has discretion to remand for further proceedings.  See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended).  Because the ALJ erred in failing to seek an explanation from the VE for her departure from the DOT, the ALJ's step-five determination is not supported by substantial evidence.  On remand, the ALJ must elicit additional VE testimony regarding any conflict between her testimony and the DOT, specifically with respect to Plaintiff's overhead reaching limitation.

## IV.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), judgment be entered REVERSING the decision of the Social Security Commissioner and REMANDING this matter for further proceedings consistent with this opinion.

Dated: <u>May 04, 2016</u>



KAREN E. SCOTT
United States Magistrate Judge

the VE's testimony conflicted with the DOT where Plaintiff did not ask any questions of the VE at the hearing).